```
UNITED STATES DISTRICT COURT                                    FILED
EASTERN DISTRICT OF NEW YORK                                    CLERK
---------------------------------------------------------X
CINDY RODEFELD on behalf of                             1/23/2020 10:00 am
herself and all others similarly situated,
                                                        U.S. DISTRICT COURT
                    Plaintiff,                         EASTERN DISTRICT OF NEW YORK
                                                        LONG ISLAND OFFICE
       -against-                                        ORDER
                                                        19-CV-4562 (JMA) (ARL)
GC SERVICES LIMITED PARTNERSHIP,

                    Defendant.
---------------------------------------------------------X
```

**AZRACK, United States District Judge:**

On March 18, 2019, plaintiff initiated a civil action against defendant in the Supreme Court of the State of New York, County of Suffolk, by filing a Summons with Notice. Plaintiff served the Summons with Notice on the Secretary of State on July 12, 2019, who then served defendant on August 1, 2019. (ECF No. 1.) Defendant removed the action to Federal Court on August 7, 2019. (Id.) A complaint was never filed in Federal Court.

On October 1, 2019, this case was referred to the Court Annexed Arbitration Program pursuant to Local Civil Rule 83.7(d). (ECF No. 6.) However, it does not appear that an arbitration was held, as plaintiff never filed a complaint for defendant to answer. On January 14, 2020, this Court issued a Status Report Order, directing plaintiff to file a Status Report by January 21, 2020. (Electronic Order, 1/14/2020.) Plaintiff was warned that failure to respond to the Order may result in dismissal of the case for failure to prosecute. (Id.)

To date, plaintiff has not responded to the Status Report Order, filed a complaint in this action, or otherwise communicated with the Court.

Rule 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The district court also has the inherent power to dismiss a case sua sponte for lack of

prosecution or noncompliance. Merker v. Rice, 649 F.2d 171, 173 (2d Cir. 1981). The Second Circuit considers five principal factors when reviewing a district court's order of dismissal for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating the court calendar congestion and protecting the party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Shannon v. Gen. Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)). Generally, no single factor is dispositive. Id. at 194.

This case was removed in August 2019 and to date, plaintiff has failed to file a complaint, respond to this Court's Order, or otherwise prosecute this action. The Court warned plaintiff that failure to respond to the January 14, 2020 Order could result in the dismissal of the case. The Court has considered the relevant factors here and concludes that plaintiff's failure to comply with this Court's Order or otherwise communicate with the Court warrants dismissal.[1] Accordingly, this case is dismissed for failure to prosecute and noncompliance, and the Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: January 23, 2020
Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

---

[1] Furthermore, plaintiff's counsel has recently engaged in a pattern of abandoning his cases. Indeed, on January 14, 2020, the Court issued five other Orders in cases brought by plaintiff's counsel directing responses by January 21, 2020, and counsel failed to respond to a single one. (See Dockets 17-cv-2454, 19-cv-2778, 19-cv-4448, 19-cv-4325, 18-cv-7254.) The Court also had to dismiss two cases brought by plaintiff's counsel on January 14, 2020 for failure to prosecute and non-compliance. (See Dockets 19-cv-3771, 19-cv-3891.) The conduct by plaintiff's counsel in ignoring numerous Court Orders and failing to prosecute his cases brought before this Court further supports dismissing this action for failure to prosecute and noncompliance.